# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Knoxville July 21, 2015

## STATE OF TENNESSEE v. BRADLEY DALE FELTON

**Appeal from the Criminal Court for Davidson County**
**No. 2004-D-3086     Monte Watkins, Judge**

_____

**No. M2014-02333-CCA-R3-CD – Filed July 27, 2015**

_____

Appellant, Bradley Dale Felton, pleaded guilty to attempted rape of a child, a Class B felony, and received an eight-year sentence, suspended to probation after serving one year in custody. A probation violation warrant was filed, and the trial court sustained the violation and ordered appellant to serve fifteen weekends in jail and extended his probation by one year. Appellant was subsequently arrested on a capias warrant for failing to serve his weekends in a consecutive manner, and following a revocation hearing, the trial court ordered his sentence into execution. Appellant now appeals the judgment of the trial court, arguing that he was never ordered to serve his weekends consecutively. The State concedes that appellant is correct and that the trial court should be reversed. Upon review, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Glenn Dukes (second revocation hearing and appeal) and David Dearolf (first revocation hearing and contempt hearing), Nashville, Tennessee, for the Appellant, Bradley Dale Felton.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Brian Keith Holmgren, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## I. Procedural History and Facts

### A. Procedural History

On August 25, 2006, appellant pleaded guilty to attempted rape of a child, a Class B felony, as a lesser-included offense of the indicted offense of rape of a child. He received an eight-year sentence, suspended to probation after serving one year in custody, conditioned upon his receiving sex offender treatment and his having no contact with the victim or any other minor children. He was also required to submit to polygraph examinations every six months.

On February 6, 2014, a probation violation warrant was issued, alleging that appellant failed to attend three sex offender treatment classes and failed to schedule and take polygraph examinations as instructed by his probation officer.

### B. Probation Revocation Hearing

The trial court held a hearing concerning the allegations set forth in the February 6, 2014 petition on March 28, 2014. The State's first witness was Amanda Roberts with the Tennessee Department of Probation and Parole. She had supervised appellant's probation since May 2013, and she requested the probation violation warrant in this case. Ms. Roberts stated that one of the conditions of appellant's probation as a sex offender was to submit to a polygraph examination two times per year at his own expense. Appellant's last known polygraph was performed in August 2011. He was scheduled for a polygraph on November 5, 2013, but he missed his appointment because he overslept. The polygraph was rescheduled for December 9, 2013, but he was unable to keep the appointment because his family was going to supply the funds for the examination, but they were prevented from traveling home due to snow.

In addition, Ms. Roberts testified that appellant was suspended from treatment by the sex offender treatment provider for failure to pay fees and failure to submit to a polygraph examination. She read from a document, "He must pay his fees . . . by December 17, 2013, and have a written plan to pay for and take a polygraph exam by January 31, 2014." Appellant failed to submit to an exam by the required date.

Another basis for the probation violation warrant was appellant's failure to attend sex offender treatment classes. He missed three classes: on November 12, 2013, he missed class because he said that he had "family issues" — his girlfriend and his mother were arguing with each other; on December 3, 2013, he did not have transportation; and on February 3, 2014, Ms. Roberts did not obtain appellant's excuse because the warrant

had already been written. In the meantime, Jack Tracy had communicated to Ms. Roberts potentially discharging appellant from the program due to inconsistent attendance and nonpayment of treatment fees. Ms. Roberts said that she waited two to three months for appellant to achieve compliance before filing the probation violation warrant, but he failed to do so.

On cross-examination, defense counsel asked Ms. Roberts if she was aware that appellant had been in jail for twelve months during the time he failed to submit to polygraph examination, and she was not. He asked Ms. Roberts if she knew that appellant had an appointment for a polygraph the week after the probation violation hearing, and she was unaware of that appointment. Ms. Roberts acknowledged that appellant had not violated the terms of his GPS monitoring and that he checked in with her prior to traveling to an address to work. She confirmed that from the time appellant posted bond after the violation warrant was served, he had reported as scheduled and had attended classes. Appellant also secured permanent living arrangements.

Appellant then testified on his own behalf and stated that he had not committed any violations with regard to his GPS monitoring, that he had a polygraph scheduled for the following week, and that he had not missed any classes since being released on bond. He said that he lost his driver's license because of a DUI conviction but that it should be reinstated within two weeks of the hearing, so he would no longer have to depend upon others for transportation.

On cross-examination, appellant admitted that this was his fourth probation violation in two years and that one of those years had been spent in jail. On redirect examination, appellant stated that he contacted Mr. Tracy when he was going to miss a class and that he was able to make up the treatment classes that he had missed.

The trial court concluded that appellant had "made some progress" during the last several years but that he knew he had to submit to polygraph examinations and could not continue to "come up with lame excuses for not being able to do" so. The court extended appellant's probation for one year and ordered him to serve fifteen weekends in custody. Appellant was allowed to serve on weekends so that he could continue to work and care for his children.

C. Contempt Hearing

A contempt hearing was held on August 6, 2014, because appellant had failed to serve his fifteen weekends. Appellant testified that he was unaware that he was ordered to serve the weekends consecutively. He stated that he appeared at the jail on the Friday immediately following the revocation hearing but that the jailer would not allow him to

serve that weekend because the jail did not yet have a record of his sentence. He had served five weekends at the time of the contempt hearing.

Appellant explained that he did not serve his sentences consecutively because his parents, with whom his children resided, were international horse judges who traveled extensively during the summer months. He said that he contacted Ms. Roberts and informed her of the situation and that she assured him that she would talk with the assistant district attorney. Appellant stated that he called Ms. Roberts several times when he could not report to jail and that she repeatedly informed him, "'Yes, . . . you're fine.'"

Ms. Roberts was called to testify, and she stated that the first communication she had with appellant with regard to his serving weekends occurred in July 2014. She disagreed that she "allowed" him to not report due to his child care situation. When appellant would inform her of his inability to report to serve a weekend, she would advise him that the judge ordered him to do so and that he should comply or risk being revoked. She first addressed the situation with the district attorney's office in July.

On cross-examination, Ms. Roberts testified that it was not her understanding that appellant's weekends were to be served consecutively, nor did she believe that appellant understood that they were to be served consecutively. She did not file a probation violation warrant for his failure to serve consecutive weekends because the judgment order that she had did not specify consecutive service. Ms. Roberts stated that when appellant contacted her in July, he planned to serve the following weekend; however, he was arrested on a capias warrant on July 16 and was not able to surrender for the weekend.

At the close of the hearing, the trial court found appellant in contempt of court for failing to serve on consecutive weekends as ordered and sentenced appellant to ten days in jail. Moreover, the trial court scheduled the matter for a formal probation revocation hearing the following week for final resolution of the matter.

## D. Second Probation Revocation Hearing

At the August 22, 2014 probation revocation hearing, neither party called additional witnesses or presented evidence. After reviewing the prior proceedings, the trial court ordered execution of appellant's sentence. It is from this judgment that appellant now appeals.

## II. Analysis

Appellant argues that the trial court erred in revoking his probation for failing to adhere to a schedule for serving on weekends when he was never ordered to do so. The

State agrees, adding that the judgment ordering appellant to serve fifteen weekends in jail and extending his probation by one year did not require appellant to complete the weekends in a consecutive fashion. We agree with the parties.

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

In this case, when the trial court sustained appellant's probation violation in March 2014, it ordered him to serve fifteen weekends in jail and extended his probation. At the close of the hearing, the court stated, "I am extending [appellant's probation] for a year. He's going to serve fifteen weekends; that way he will continue to work and take care of his children. But he must stay in compliance." The trial court did not specify that the weekends must be served consecutively. We note that in the "Special Conditions" section of the judgment form where the trial court ordered appellant to serve fifteen weekends and extended his probation, the trial court did *not* order that the weekends must be served consecutively.

We conclude that appellant was not ordered to serve the fifteen weekends consecutively. Accordingly, we find "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* The trial court abused its discretion in ordering appellant's sentence into execution.

-5-

**CONCLUSION**

Based on the record as a whole, the briefs of the parties, and the applicable legal authority, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE